LUIS SAJCAP AGREDA,

      Petitioner,

vs.

MARKWAYNE MULLIN, et al.,

      Respondents.

No.  C26-133-LTS-MAR

**MEMORANDUM
OPINION AND ORDER**

## I.  INTRODUCTION

This case is before me on petitioner Luis Sajcap Agreda's petition (Doc. 1) for a writ of habeas corpus under 28 U.S.C. § 2241.  Sajcap Agreda is an alien being held in custody without a bond hearing while his removal proceedings are ongoing.  *See* Doc. 1. He claims his detention violates his right to due process under the Fifth Amendment of the United States Constitution.  In an initial review order (Doc. 2), I directed Respondents[1] to respond to the petition, which they have done (Doc. 6).  Sajcap Agreda has replied (Doc. 12).  Oral argument is not necessary.  *See* Local Rule 7(c).

## II.  BACKGROUND

Sajcap Agreda is a Guatemalan national who entered the United States in 2014. Doc. 1 at ¶ 2.  He was not encountered at the border and has not been admitted or paroled by an Immigration Officer.  Doc. 9-1 at ¶¶12-14.  On or about August 10, 2024, Sajcap Agreda was arrested for operating a motor vehicle while intoxicated (OWI) in Allamakee

---

[1] Although the Government's reply was filed on behalf of the federal respondents and not the state employees (Doc. 6 at 1 n.1), this order applies to all respondents with equal force.

County, Iowa. He was sentenced to 180 days in jail with 178 days suspended. *Id.* at ¶ 15.

On or about May 3, 2026, Sajcap Agreda was incarcerated at the Allamakee County Jail for driving while barred. *Id.* at ¶ 16. On May 4, 2026, he received time served and was released to Immigration and Customs Enforcement (ICE) custody. *Id.* at ¶ 17. He was detained and placed in removal proceedings and charged under §§ 212(a)(6)(A)(i) and 212(a)(7)(A)(i)(I) of the Immigration and Nationality Act (INA). *Id.* He remains detained in the Hardin County Correctional Center in Eldora, Iowa. *Id.* at ¶ 19. Sajcap Agreda notes that he has a pending I-589 application for asylum as a derivative beneficiary of his mother under 8 U.S.C. § 1158. Doc. 1 at ¶ 7. He argues he was detained without consideration that he arrived into the United States as an Unaccompanied Alien Child (UAC).[2]

### III. STANDARD OF REVIEW

Habeas corpus relief is available to those "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). For relief, a petitioner must prove by a preponderance of the evidence that his detention is unlawful. *Phongsavanh v. Williams*, 809 F. Supp. 3d 864, 867 (S.D. Iowa 2025).

### IV. ANALYSIS

Sajcap Agreda contends that his detention violates his due process rights and necessitates immediate release or an individualized bond hearing. I disagree.

Starting with the statutory landscape, Sajcap Agreda has never been admitted into the United States, so 8 U.S.C. § 1225(b)(2) compels his detention without bond. *See*

---

[2] Under 6 U.S.C. § 279(g)(2), a UAC is defined as a child who has no lawful immigration status in the United States, has not attained 18 years of age and for whom there is no parent or legal guardian in the United States or there is no parent or legal guardian in the United States who is available to provide care and physical custody.

*Avila v. Bondi*, 170 F.4th 1128 (8th Cir. 2026).  In light of this barrier, Sajcap Agreda challenges the constitutionality of his detention without bond.  But in the immigration context, the political branches' powers are potent.  *Mathews v. Diaz*, 426 U.S. 67, 80 (1976) ("Congress may make rules as to aliens that would be unacceptable if applied to citizens."); *Dep't of State v. Muñoz*, 602 U.S. 899, 911 (2024) (field of immigration law is "an area unsuited to rigorous judicial oversight").  This is not to say that Congress and the Executive are unrestrained by the Constitution, *Ping v. United States* (the Chinese Exclusion Case), 130 U.S. 581, 604 (1889); *Yamataya v. Fisher* (the Japanese Immigration Case), 189 U.S. 86, 100 (1903), just that an alien challenging duly enacted statutory provisions faces an uphill battle.

Sajcap Agreda argues he has a unique liberty interest demanding immediate release or a bond hearing based on the following two circumstances: (1) his status as an eligible asylum recipient and (2) that he entered the United States as a UAC.  Again, I disagree.  First, his asylum application has merely been submitted, not granted, and he does not cite any authority as to how the mere submission of such a petition affects the analysis.  *See Firstland Int'l, Inc. v. INS*, 377 F.3d 127, 132 n.6 (2d Cir. 2004) ("[The] approval of a . . . visa petition does not, by itself, entitle an alien to permanent resident status . . . .").  Thus, he remains an applicant for admission subject to detention under § 1225(b)(2).

With regard to his alleged status as a UAC, respondents argue he is not and was not a UAC.  They note that Sajcap Agreda is currently older than 18 and has alleged that he joined his mother in the United States shortly after he entered.  *See* Doc. 1 at ¶¶ 5, 7.  That allegation is inconsistent with the requirement that no parent or legal guardian is present in the United States or available to provide care and physical custody in the United States.  Sajcap Agreda asserts that he was 12 years old when he entered the United States and, because neither of his parents have legal status (and are therefore subject to the mandatory detention scheme as "applicants for admission"), they are not available to

provide physical custody in the United States.[3] He also argues that the statutory definition is based on the circumstances at the time of entry rather than at the time of the Government action, such that a delay in the Governmental action cannot erase a pre-existing immigration status. He argues that once a UAC turns 18, the Trafficking Victims Protection Reauthorization Act (TVPRA) affords certain protections, including placement in the "least restrictive setting available after taking into account the alien's danger to self, danger to the community and risk of flight." 8 U.S.C. § 1232(c)(2)(B). Sajcap Agreda argues his statutory qualification as a UAC should qualify him for the same protections of other UACs who have "aged out" and are safeguarded from detention under the TVPRA.

Sajcap Agreda was never formally classified as a UAC[4] and released to a relative or to the custody of the Office of Refugee Resettlement (ORR) under 6 U.S.C. § 279. The regulations provide that an alien is no longer a UAC when (1) he or she reaches age 18, (2) a parent or legal guardian in the United States is available to provide care and physical custody for such an alien or (3) the alien has obtained lawful immigration status. 8 C.F.R. § 236.3(d)(2). "An alien who is no longer a UAC is not eligible to receive legal protections limited to UACs under the relevant sections of the Act." *Id.* Additionally, "[w]hen an alien previously determined to have been a UAC is no longer a UAC because he or she turns 18 years old, relevant ORR and ICE procedures shall apply." 8 C.F.R. § 236.3(d)(3).

Sajcap Agreda has not established any unique liberty interest related to a UAC designation because he (1) was never formally designated as such by an immigration officer, (2) was never previously released under such procedures after an evaluation of dangerousness or flight risk, (3) is no longer a UAC entitled to special legal protection

---

[3] Sajcap Agreda cites no authority for this argument.

[4] *See* 8 C.F.R. § 236.3(d)(1) ("Immigration officers will make a determination as to whether an alien under the age of 18 is a UAC at the time of encounter or apprehension and prior to the detention or release of such alien.").

and (4) is subject to standard ICE procedures.  As such, the UAC statute and regulations are not relevant to Sajcap Agreda's due process claim.

Finally, Sajcap Agreda argues he has a liberty interest in his release even if he does not have a unique liberty interest as an asylum applicant or UAC.  While he acknowledges I have not found a due process right to a bond hearing for noncitizens on initial detention, he asks me to reconsider that position, citing cases from the Fifth and Sixth Circuit Courts of Appeals.  *See Rodriguez v. Ortega*, No. 26-50183, 2026 WL 1906557, at *11 (5th Cir. July 2, 2026);[5] *Lopez-Campos v. Raycraft*, 175 F.4th 713, 721 (6th Cir. 2026).  Sajcap Agreda argues that these cases focus on the underlying regulatory goals of detaining noncitizens, which require an individual assessment of flight risk and dangerousness.  In *Lopez-Campos*, the court cited *Zadvydas v. Davis*, 533 U.S. 678, 690 (2001), in referencing those goals.  *Zadvydas* addressed the post-removal period detention statute, 8 U.S.C. § 1231(a)(6), not § 1225(b)(2).  It also addressed whether the Attorney General may detain an alien indefinitely beyond the removal period or only for a period reasonably necessary to accomplish the alien's removal.  *Zadvydas*, 533 U.S. at 682. The Court discussed the regulatory goals of detention identified by the Government in that context.  Thus, I do not find this line of reasoning persuasive to the due process challenge presented here.  In the absence of binding authority to the contrary, I decline to change my analysis as to the due process rights of a noncitizen under these circumstances.

"Detention during removal proceedings is a constitutionally permissible part of that process."  *Demore v. Kim*, 538 U.S. 510, 531 (2003); *accord Wong Wing v. United States*, 163 U.S. 228, 235 (1896); *Carlson v. Landon*, 342 U.S. 524, 538 (1952); *Jennings v. Rodriguez*, 583 U.S. 281, 286 (2018).  Sajcap Agreda offers nothing to

---

[5] The Fifth Circuit Court of Appeals has granted a petition for rehearing en banc and has vacated the panel opinion.  *See Rodriguez v. Ortega*, No. 26-50183, 2026 WL 2014647 (5th Cir. July 10, 2026).

suggest his case is distinguishable. Because Sajcap Agreda is subject to mandatory detention under § 1225(b)(2), his removal proceedings remain ongoing and precedent forecloses him from receiving an individualized bond hearing, his petition for habeas corpus must be denied.

## V. CONCLUSION

For the reasons set forth herein, Luis Sajcap Agreda's petition (Doc. 1) for a writ of habeas corpus is **denied**.

**IT IS SO ORDERED** this 20th day of July, 2026.

_____
Leonard T. Strand
United States District Judge

6